UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

| | |
|---|---|
| CANDY DYNAMICS, INC. <br><br> Plaintiff, <br><br> v. <br><br> CAP CANDY, LLC and <br> UNBEATABLE POWER, LLC <br><br> Defendants. | Civil Action No. 2:23-cv-1702 <br><br><br> JURY TRIAL DEMANDED |

**CANDY DYNAMIC, INC.'S**
**COMPLAINT AND JURY DEMAND**

Plaintiff, Candy Dynamics, Inc. ("Candy Dynamics") for its Complaint against the Defendants, Cap Candy, LLC ("Cap Candy") and Unbeatable Power, LLC ("Unbeatable Power") (collectively "Defendants"), alleges as follows:

**Parties**

1. Candy Dynamics is an Indiana corporation having its principal place of business at 9700 North Michigan Road, Carmel, Indiana 46032.

2. Upon information and belief, Defendant Cap Candy is an Ohio limited liability company having its principal place of business at 120 N. Trine St., Canal Winchester Ohio, 43110.

3. Upon information and belief, Defendant Unbeatable Power is a Delaware limited liability company having its principal place of business at 4760 Dierker Rd., Columbus, Ohio 43220.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under Section 39 of the Trademark Act of 1946, 15 U.S.C. §§ 1121 (the "Lanham Act"), and 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Defendants because *inter alia* each Defendant has its principal place of business in and conducts regular, continuous and systematic business in this Judicial District by selling, shipping and otherwise distributing its products, including the accused candy products, from this Judicial District.  Moreover, Defendant Cap Candy, LLC is an Ohio limited liability company.

6. Venue in this Judicial District with respect to the claims set forth herein against Defendants is proper pursuant to 28 U.S.C. § 1391(b).

7. Cap Candy may be served via its registered agent Carl Zealer, whose address is 120 N. Trine St., Canal Winchester Ohio, 43110.

8. Unbeatable Power may be served via its registered agent The Corporation Trust Company, whose address is Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

## STATEMENT OF FACTS

**A.** **Candy Dynamics and Its Marks**

9. Candy Dynamics has been in the business of selling candy for over 20 years.

10. Candy Dynamics offers a number of different product lines, including its highly successful TOXIC WASTE® line of sour candy.



11. One prominent item within Candy Dynamics' Toxic Waste® line of candy products is the Slime Licker® product, which consists of sour liquid candy within a roller ball dispenser that the purchaser consumes by pressing and moving the roller ball repeatedly back and forth on their tongue.



12. As is common in many of Candy Dynamics' Toxic Waste® line of candy products, Candy Dynamics' Slime Licker® product utilizes a font which appears to be dripping slime.

13. Candy Dynamics offers its Toxic Waste® Slime Licker® product in two primary flavors, namely "blue razz" and "strawberry."

14. Candy Dynamics' Toxic Waste® Slime Licker® contains 60 mL of sour liquid candy.

15. Candy Dynamics markets and sells its candy products, including its Toxic Waste® Slime Licker® products, for sale in specialty stores, retail locations, grocery stores, online and in numerous other locations where candy is typically sold.

16. Stores which sell Candy Dynamic's products, including its Toxic Waste® Slime Licker® products, are located throughout the United States.

17. Candy Dynamics has used the Toxic Waste® and Slime Licker® marks continuously, notoriously and extensively with respect to and in association with its line of candy products since at least 2001 and 2015, respectively.

18. Candy Dynamics has expended a substantial amount of money and effort in advertising and promoting the Toxic Waste® Slime Licker® brands and candy products.

19. Candy Dynamics's Toxic Waste® and Slime Licker® products and brands are well known and consumers have come to know, rely upon, and recognize the Toxic Waste® and Slime Licker® marks as identifying Candy Dynamics's candy products.

20. As a result of Candy Dynamics's substantial promotional, advertising, publicity, and public relations activities, the Toxic Waste® and Slime Licker® marks have acquired substantial goodwill and are valuable commercial assets.

21. Candy Dynamics's Toxic Waste® and Slime Licker® marks are inherently distinctive and serve to identify and indicate the source of Candy Dynamics's products to the consuming public, and to distinguish Candy Dynamics's candy products from those of others.

22. In recognition of the Toxic Waste® mark, Candy Dynamics was awarded United States Registration No. 2,602,673 by the United States Patent and Trademark Office for "candy" in international class 30 (the "673 Registration").  A copy of the '673 Registration is attached as Exhibit A.

23. In recognition of the Slime Licker® mark, Candy Dynamics was awarded United States Registration No. 5,044,781 by the United States Patent and Trademark Office for "candy" in international class 30 (the "781 Registration"). A copy of the '781 Registration is attached as Exhibit B.

**B.     Toxic Waste® Slime Licker® Candy Goes Viral on TikTok**

24. Beginning near the end of 2020, Candy Dynamics' Toxic Waste® Slime Licker® product became a viral sensation on TikTok and other popular social media channels.

25. In a very short period of time, the demand for Candy Dynamics' Toxic Waste® Slime Licker® products skyrocketed.

26. Soon thereafter, Toxic Waste® Slime Licker® products sold out across the country, and this extreme demand continues to this day despite Candy Dynamics' substantial production increases.

27. Since late 2020, user-uploaded videos on social media platforms featuring Candy Dynamics' Toxic Waste® Slime Licker® products amassed hundreds of millions of views. Provided below is a small selection of selected viral videos prominently including Toxic Waste® Slime Lickers®, each of which has several million views on its own.

  

  

28. Candy Dynamics frequently heard stories of parents visiting numerous stores and travelling far and wide to locate "that viral candy product from TikTok", i.e. Candy Dynamics' Toxic Waste® Slime Licker® product, for their children -- with many being disappointed due to those products already being sold out.

29. News outlets even reported on the viral fame, with one local Grand Haven news station reporting that "Slime Lickers selling out due to TIK TOK trend." See https://www.youtube.com/watch?v=gkt5Ziz72hE.

30. At one-point, Toxic Waste® Slime Licker® products, including the description "Tik Tok Candy" or "Viral Sensation" were selling on eBay and other online marketplaces for fifty dollars ($50.00) each, when their MSRP was just two dollars and ninety-nine cents ($2.99).

31. Through continued engagement social media, including TikTok and other platforms, Candy Dynamics has continued this wave of success. Sales of Candy Dynamics' Toxic Waste® Slime Licker® product increased by 1700% in the year 2021, and have continued their strong growth ever since.

32. Over the past year or two, Candy Dynamics has touted the tremendous recognition of its products on social media through all of its advertising channels. Attached as two examples are an exemplary Candy Dynamics ad placed in Candy & Snack Today magazine (Exhibit C) and a photo of Candy Dynamics' trade show booth from the 2021 Sweets & Snack Expo (Exhibit D), each of which touts Toxic Waste® Slime Lickers® as "a Tik-Tok Phenom!"

33. As a result of the recent and continued success of its Toxic Waste® Slime Licker® product, Candy Dynamics was recognized for its innovative marketing approach and in particular its success on TikTok at the State of the Industry event hosted by the National Confectioners Association, a very large and prominent candy industry event. A copy of the relevant slide from this presentation is provided as Exhibit E.

**C.**     **Defendants' Trademark Application and Notice of Rights from Candy Dynamics**

34. On August 7, 2021, Defendant Unbeatable Power filed U.S. Trademark Application Ser. No. 90/870,835 for the mark TIK TOXIC claiming that it had an intent to use the mark TIK TOXIC for "candy" in class 30.

35. Shortly thereafter, on August 31, 2021, after learning of Unbeatable Power's intent to use the trademark application, counsel for Candy Dynamics sent a letter to Unbeatable Power notifying it of the '673 Registration and the '781 Registration and the potential infringement of Candy Dynamics' Toxic Waste® and Slime Licker® marks through the use of the applied for Tik Toxic mark. A copy of this letter is provided as Exhibit F.

36. Counsel for Candy Dynamics did not receive a response and thus followed-up on February 11, 2022, as Unbeatable Power's trademark application remained pending.

37. In a response letter dated March 1, 2022, counsel for Unbeatable Power admitted that Unbeatable Power was seeking to "trad[e] on the success of Tik Tok's impact on the candy market" and thus "named their product accordingly."

38. Subsequently, and after receiving notice of the potential infringement from counsel for Candy Dynamics, Defendants nevertheless began advertising, promoting, selling, and offering a new candy product under the mark "Tik Toxic", with Defendant Cap Candy's name appearing on the product packaging as the source of the product.

39. Upon learning of the apparent launch of Defendants' Tik Toxic candy product, Counsel for Candy Dynamics sent a final demand letter to Unbeatable Power seeking the discontinuance of the Tik Toxic product.

40. Shortly after this letter, Defendants took down their website located at https://cap-candy.com/, which had previously advertised the Tik Toxic candy product.

41. In addition, through an opposition at the trademark office, Unbeatable Power defaulted and its trademark application for the mark TIX TOXIC was abandoned.

D. **Defendants' Unlawful Conduct**

42. On information and belief, Defendants are, collectively and/or individually, in the business of selling candy through the "Cap Candy" brand.

43. Defendants directly compete with Candy Dynamics in selling candy.

44. Defendants' candy products are also sold in specialty stores, retail locations, grocery stores, online and in numerous other locations where candy is typically sold, including Walgreens stores.

45. On information and belief, Defendants, with constructive knowledge of Candy Dynamics and Candy Dynamics's Toxic Waste® and Slime Licker® marks and associated

products, as well as its recent viral success on TikTok and other social media platforms, designed, developed and began advertising, promoting, marketing, selling, and offering for sale a competing candy product under the name "Tik Toxic".




46. Defendants' Tik Toxic product is also a sour liquid candy within a roller ball dispenser that the purchaser consumes by pressing and moving the roller ball repeatedly back and forth on their tongue.

47. Defendants' Tik Toxic product utilizes a font which appears to be dripping slime or another liquid-like substance.

48. Defendants' Tik Toxic product comes in "Sour Blueberry", "Sour Apple" and "Sour Strawberry" flavors.

49. Defendants' Tik Toxic product also contain about 60 mL of sour liquid candy.

50. Defendants' Tik Toxic product prominently identifies itself as a "SOUR SLIME CANDY" around the top of its packaging and as a "CANDY LICKER" at the bottom.

51. On information and belief, the Defendants continue to sell their Tik Toxic candy product.

52. On information and belief, Defendants are aware of the valuable goodwill and reputation represented and symbolized by Candy Dynamics's Toxic Waste® and Slime Licker® marks.

53. On information and belief, Defendants are aware that Candy Dynamics's consumers and potential consumers rely upon Candy Dynamics's Toxic Waste® and Slime Licker® marks to distinguish Candy Dynamics's candy products from those of others.

54. Defendants' use of the infringing Tik Toxic mark is without the permission, consent, or authority of Candy Dynamics.

55. On information and belief, Defendants' continued sale of the Tik Toxic product has been and continues to be intentional and willful.

D. **Effect of Unbeatable Power's Conduct on Candy Dynamics and the Consuming Public**

56. Defendants' Tik Toxic mark is confusingly similar to Candy Dynamics's Toxic Waste® and Slime Licker® mark(s).

57. Defendants' Tik Toxic products are the same and/or highly related products to Candy Dynamics's candy products.

58. Defendants' Tik Toxic products are advertised, promoted, offered for sale, or sold in the same channels of trade as Candy Dynamics' Toxic Waste® Slime Licker® products.

59. On information and belief, Defendants' Tik Toxic products are sold in specialty stores, retail locations, grocery stores, online and in numerous other locations where candy is typically sold.

60. Candy Dynamics's candy products are sold in specialty stores, retail locations, grocery stores, online and in numerous other locations where candy is typically sold.

61. On information and belief, Defendants' Tik Toxic products are being sold and/or promoted, and are likely to continue being sold and/or promoted, throughout the same geographic markets as Candy Dynamic's Toxic Waste® Slime Licker® products.

62. Defendants' Tik Toxic derives and will continue to derive substantial revenue from its Tik Toxic candy products.

63. Defendants' continued use of the Tik Toxic mark on its websites, in its advertising and promotional materials, on its signage, and on its products is likely to diminish the goodwill associated with Candy Dynamics's Toxic Waste® and Slime Licker® brands and products.

64. Defendants' unauthorized use of the Tik Toxic mark is likely to cause confusion or mistake or to deceive consumers into believing that Defendants' unauthorized products advertised, promoted, and offered under the Tik Toxic mark are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with Candy Dynamics.

65. On information and belief, Defendants' continued use of the Tik Toxic mark is with full knowledge of the prior ownership by Candy Dynamics of the Toxic Waste® and Slime Licker® marks and Candy Dynamics's rights to use and control the use of such marks.

66. As a result of Defendants' unauthorized use of the Tik Toxic mark, Defendants are being unjustly enriched at Candy Dynamics's expense, and Candy Dynamics is being damaged.

67. Unbeatable Power's unauthorized use of the Tik Toxic mark in association with its products has significantly injured Candy Dynamics's interests. Specifically, Defendants (a) have traded upon and threaten to further trade upon the significant and valuable goodwill in Candy Dynamics's Toxic Waste® and Slime Licker® marks; (b) are likely to cause public confusion as to the source, sponsorship or affiliation of Defendants' products; (c) have damaged and threaten to further damage Candy Dynamics's significant and valuable goodwill in the Toxic Waste® and Slime Licker® marks; (d) have injured and threaten to further injure Candy Dynamics's right to use the Toxic Waste® and Slime Licker® marks as the exclusive indicia of origin of Candy Dynamics's candy products throughout the United States; and (e) have lessened the capacity of Candy Dynamics's the Toxic Waste® and Slime Licker® marks to indicate that its products are sponsored by Candy Dynamics.

68. Unless these infringing acts by Defendants are restrained by this Court, they will cause irreparable injury to Candy Dynamics and to the public, for which there is no adequate remedy at law.

E. **Willful Nature of Defendants' Infringement and Unfair Competition**

69. On information and belief, Defendants' acts of infringement complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of Candy Dynamics's rights. In view of the egregious nature of Defendants' actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT I:  FEDERAL AND COMMON LAW TRADEMARK INFRINGEMENT

70. Candy Dynamics incorporates by reference the averments contained in paragraphs 1 through 69.

71. Defendants' unauthorized use of the Tik Toxic mark in its advertising and in conjunction with its candy products is confusingly similar to Candy Dynamics's use of the Toxic Waste® and Slime Licker® marks in conjunction with its sale of candy products.

72. Defendants' use of the Tik Toxic mark is likely to cause confusion or mistake or to deceive consumers into believing that Unbeatable Power's unauthorized products and services advertised, promoted, and offered under the Tik Toxic mark are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with Candy Dynamics.

73. The acts of Defendants complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship or approval and therefore constitute Federal and common law trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 *et seq*. and the common law.

## COUNT II:  UNFAIR COMPETITION

74. Candy Dynamics incorporates by reference the averments contained in paragraphs 1 through 73.

75. Defendants' unauthorized use of the Tik Toxic mark is likely to cause confusion or mistake or to deceive consumers into believing that Defendants' unauthorized products advertised, promoted, and offered under the Tik Toxic mark are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with Candy Dynamics.

76. The acts of Defendants complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship or approval and therefore constitute trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

## COUNT III: TRADE DRESS INFRINGEMENT

77. Candy Dynamics incorporates by reference the averments contained in paragraphs 1 through 76.

78. Defendants infringed and will continue to infringe Candy Dynamics' Toxic Waste® Slime Licker® trade dress by, among other activities, offering to sell or selling its infringing Tik Toxic product under § 43(a) of the federal Lanham Act, 15 U.S.C. § 1125(a).

79. As shown above, Defendants' copying of Candy Dynamics' trade dress will cause consumers to mistakenly identify Defendants' Tik Toxic product as being manufactured, distributed, sold, authorized by, or associated with Candy Dynamics, or otherwise affiliated with Candy Dynamics' Toxic Waste® Slime Licker® product.

80. Candy Dynamics has been irreparably harmed to an extent not yet determined by Defendants' infringement, and will continue to be irreparable harmed in the future unless Defendants are enjoined from its activities by this Court.

## PRAYER FOR RELIEF

In light of the foregoing, Candy Dynamics prays that this Court:

A. Enter judgment that the unauthorized use of the Tik Toxic mark in Defendants' commercial advertising, marketing and/or promotion and sales in the United States constitutes and creates a likelihood of confusion, mistake or deception among relevant consumers and therefore infringes Candy Dynamics's Toxic Waste® and Slime Licker® marks.

B. Permanently enjoin Defendants, their officers, agents, employees and attorneys, and those in active concert or participation therewith, from advertising and offering for sale or selling any products which include the Tik Toxic mark, which have caused actual confusion or are likely to cause confusion with Candy Dynamics's Toxic Waste® and Slime Licker® marks or which infringe Candy Dynamics' trade dress.

C. Award Candy Dynamics damages, costs, attorney's fees and/or expenses associated with this action and also including Defendants' wrongful profits from or associated with its infringements of Candy Dynamics's rights.

D. Increase the amounts awarded to Candy Dynamics as damages and/or profits from Defendants to the maximum amounts allowed or permitted under 15 U.S.C. § 1117.

E. Grant all such other relief that the Court deems just.

## JURY DEMAND

Candy Dynamics respectfully demands a jury trial on all issues so triable.

Respectfully submitted,

DATED: May 23, 2023

/s/ Marcus A. Miller
Shumaker, Loop & Kendrick, LLP
41 S. High Street, Suite 2400
Columbus, OH 43215
Phone: (614) 463-9441
Fax: (614) 463-1108
Email: mmiller@shumaker.com

s/ William A. McKenna
William A. McKenna *(pro hac vice forthcoming)*
WOODARD, EMHARDT, HENRY,
REEVES & WAGNER LLP
111 Monument Circle, Suite 3700
Indianapolis, IN 46204-5137
Phone: (317) 634-3456
Fax: (317) 637-7561
Email: judy@uspatent.com
wmckenna@uspatent.com

**Attorneys for Plaintiff**
**Candy Dynamics, Inc.**